IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV110-3-MU

| | | |
|---|---|---|
| STEPHEN SINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| REGGIE WEISNER, Supt., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Response to Order and Motion to Amend Response" (Document Number 6), which this Court will construe as a motion for reconsideration of the Court Order dismissing the Petition (Document Number 4.)  For the reasons stated herein, Petitioner's Motion will be denied.  The Court's previous Order dismissing the case is not disturbed by this Order.

In reviewing the record, the Court notes that Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 14, 2005.   On March 24, 2005 this Court issued an Order directing Petitioner to file a document explaining why his Petition for a Writ of Habeas Corpus should be construed as timely filed.  In particular, the Court directed  Petitioner to advise the Court of the date on which he filed his Motion for Appropriate Relief in the Superior Court of Mecklenberg County.  Four days after the Court's Order was filed, Petitioner notified the Court that his address had changed.  On June 15, 2005 the Court sent its March 28, 2005 Order again to Petitioner at the new address he provided to the Court on April 1, 2005.  The March 28, 2005 Order gave the Petitioner twenty (20) days to address the timeliness of his Petition.  When

the order was re-sent to Petitioner he was given an additional twenty (20) days to supplement his Petition with respect to whether it was timely filed. On September 2, 2005, this Court dismissed Petitioner's case because Petitioner still had not responded to the Court's March 28, 2005 Order or otherwise communicate with the Court since filing his change of address on April 1, 2005.

Now, Petitioner has filed the instant motion in which he firmly established that his Motion for Appropriate Relief ("MAR") was filed on July 14, 2004. Since he was sentenced on November 6, 2002 and did not file a direct appeal, his case would have become final long before his July, 2004 MAR.[1] Petitioner argues, in the instant motion, that the assistant district attorney assigned to his state case informed him that if he filed his MAR at some later date and gave substantial assistance, he could not object to the MAR. This has no bearing on the one year time limitation governing the timing of Petitioner's federal habeas petition.

This Court's previous order dismissing the case was not inappropriate. Based on the instant motion, it is now clear that Petitioner's original petition was not timely filed.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion to Response to Order and Motion to Amend Response" which this Court construes as a Motion for Reconsideration is Denied. The instant motion serves to clarify the Court's previous Order in that it is now clear that Petitioner's Habeas Petition was not timely filed.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA") provides that Petitions such as the instant one be filed within the one year period after the underlying conviction and/or sentence has become final. Here, Petitioner was sentenced on November 6, 2002 and did not file a direct appeal. Therefore, his case would have become final approximately 35 days after he was sentenced. Therefore, Petitioner had until approximately December 11, 2003 to collaterally attack his conviction. Petitioner did not file his MAR until July 14, 2004 and did not file his federal habeas petition until March 14, 2005.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge